UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELA TYSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1848-RLY-TAB |
| | ) | |
| GANNETT, INC., d/b/a INDIANAPOLIS STAR AND NEWS, | ) ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Angela Tyson ("Plaintiff"), is a current employee of The Indianapolis Star[1] ("The Star") and holds the position of Mailer Assistant. In October 2002, Plaintiff fell at work and injured her arm and back. Plaintiff's job as a Mailer Assistant at her level of seniority requires the ability to lift more than 35 pounds and perform other physical tasks. For the majority of the time since her injury, Plaintiff's doctors have restricted her to lifting less than that amount. When light duty positions were available that were within her restrictions, Plaintiff worked at her regular pay. When such positions were not available, Plaintiff has taken both short- and long-term disability leaves. At present, Plaintiff is on long-term disability leave.

On December 12, 2005, Plaintiff filed a six-count Complaint against The Star alleging claims for race discrimination (Counts I, II), disability discrimination (Counts III,

---

[1] Gannett Co., Inc., incorrectly sued as Gannett, Inc. d/b/a Indianapolis Star and News, is the ultimate parent of The Star.

V, VI), and retaliation for filing a charge of disability discrimination (Count IV).

On February 22, 2007, The Star filed a motion for summary judgment on all counts of Plaintiff's Complaint. In Plaintiff's Response, she abandons all claims except her race discrimination claim alleged in Count I. In particular, Plaintiff alleges that The Star committed race discrimination when it refused to allow her to return to work from June 9, 2003, until November 23, 2003. She brings her claim under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") as well as 42 U.S.C. § 1981 ("Section 1981.").

Plaintiff proceeds under the indirect, burden-shifting approach articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 1973). That approach requires a plaintiff to first establish a prima facie case of race discrimination. A prima facie case of race discrimination claim under either Title VII or Section 1981 requires a plaintiff to show that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) other similarly situated employees who were not members of the protected class were treated more favorably. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007). The only element in dispute is the fourth element. In order to properly assess this claim, background on The Star's seniority system is essential.

Plaintiff is a member of the Teamsters Indiana Mailers Union Local 2001 ("Union"). The Union and The Star are parties to a collective bargaining agreement that governs terms and conditions of employment for the Mailer Assistants and has various

provisions, one of which is a seniority system. (Deposition of Angela Tyson ("Tyson Dep.") at 47; Tyson Dep. Ex. 6). Flowing out of the collective bargaining agreement, a system has been developed for job assignments among The Star's Mailer Assistants that is based upon seniority. Under The Star's system, all Mailer Assistants must be able to perform the essential functions of the job, which include the ability to stand 90 percent of the time, walk 10 percent of the time, and lift, carry, push, and pull at least 35 pounds. (Tyson Dep. at 49, 51-56; Tyson Dep. Ex. 8; Deposition of Iris Hayden ("Hayden Dep.") at 27; Affidavit of Iris Hayden ("Hayden Aff.") ¶ 4). Mailer Assistants perform different job functions on any given shift, however, so it is possible that not all of them would have to, for example, perform job functions that required lifting in excess of 35 pounds. (Hayden Dep. at 25-27; Hayden Aff. ¶ 4). Selection of job functions among the Mailer Assistants is done by seniority (also referred to internally at The Star as priority). (Tyson Dep. at 52-56; Hayden Dep. at 25-27; Hayden Aff. ¶ 4). Under the seniority system, the most senior Mailer Assistant gets to select which job functions he or she will perform on a given shift, the next most senior gets to select from the remaining job functions, and so on. (Tyson Dep. at 52-54; Hayden Dep. at 25-27; Hayden Aff. ¶ 4). Some Mailer Assistants have enough seniority that under this selection system they will be guaranteed they can avoid having to perform duties that require lifting more than 35 pounds. (Hayden Dep. at 25-36, 42; Hayden Dep. Ex. 7; Hayden Aff. ¶¶ 4-5).

Plaintiff contends she is similarly situated to Janet Harvey ("Harvey"), a Caucasian female who worked at The Star as a Mailer Assistant. Plaintiff points to the fact that

Harvey had a 25-pound weight-lifting restriction, but, unlike Plaintiff, was allowed to return to work. The evidence reflects, however, that Plaintiff and Harvey are not similarly situated. Iris Hayden ("Hayden"), Senior Resource Consultant, testified that Harvey had worked at The Star for at least ten years, and thus, had more seniority than Plaintiff. (Hayden Dep. at 49). Harvey's seniority was a key differentiating factor between Plaintiff and Harvey:

> Q: Let's say you have the most seniority. Then are you saying that if you had a permanent restriction of 25 pounds and you have more seniority than anybody else, you may be able to find a position that you could work?
>
> A: Correct.
>
> Q: In other words, if Angela had enough seniority then The Star would have allowed her to work with the 25 pound, permanent 25-pound weight-lifting restriction?
>
> A: Correct.

(*Id.* at 42).

Upon further questioning, Hayden testified:

> Q: And [Harvey] was allowed to return to work with a 25-pound weight-lifting restriction?
>
> A: She had enough seniority to be able to do that, yes.

(*Id.* at 50). Plaintiff offers no evidence to rebut Hayden's testimony.

The nature of their restrictions likewise renders Plaintiff and Harvey not similarly situated. It is undisputed that Plaintiff's restrictions, which prevented her from performing the essential functions of her job, were permanent during the period in

4

question.  (*See* Plaintiff's Response at 13 ("Plaintiff's restriction was determined to be permanent after July 21, 2003")).  On the other hand, Harvey has not had such permanent restrictions.  (Hayden Dep. at 50).  As Hayden noted at deposition, the distinction between temporary and permanent restrictions is equally important in distinguishing the situation surrounding these two employees:

> Q:  What I'm getting at I'm trying to figure out whether it was a restriction of 25 pounds or whether it was permanent?
>
> A:  It was both.
>
> \*   \*   \*
>
> A:  If the 25-pound restriction was not permanent, if it was a temporary situation, we would Point 1, try to find out from the doctor how long they anticipate the restriction would be temporary; 2, to see if we can find any work for the employee maybe to work light duty with the understanding that they can't work light duty forever and a day.

(Hayden Dep. at 28-29).  Again, Plaintiff offers no evidence to rebut this testimony.  Plaintiff's self-serving assertions to the contrary are immaterial and have no evidentiary basis.  (Plaintiff's Response at 13); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) (a plaintiff cannot establish a genuine issue of material fact by merely relying upon "the bald assertion of the general truth of a particular matter"), *quoted in Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001).  Because Plaintiff cannot establish a prima facie case of race discrimination, her claim fails as a matter of law.  Accordingly, The Star's Motion for Summary Judgment is **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that The Star's Motion for Summary Judgment (Docket # 29) is **GRANTED**.

**SO ORDERED** this  2nd  day of July 2007.

                                                      RICHARD L. YOUNG, JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Electronic Copies to:

Craig M. Borowski
BAKER & DANIELS
cmborows@bakerd.com

John T. Neighbours
BAKER & DANIELS
jtneighb@bakerd.com

Gregory A. Stowers
STOWERS & WEDDLE PC
gstowers@swh-law.com